IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **WILLIAM RIOS, LYNNE M. SHERIDAN THE LEGAL CONJUGAL PARTNERSHIP COMPOSED BETWEEN THEM,**<br><br>Plaintiffs,<br><br>vs.<br><br>**FULLER GROUP; THE FULLER BRUSH COMPANY OF PUERTO RICO, INC. ANTILLES CLEANING SERVICES, INC.; DEFENDANTS ABC INSURANCE COMPANIES; DEFENDANTS DEF.**<br><br>Defendants. | **CIVIL NO.**<br><br>RE:   DISABILITY   DISCRIMINATION (ADA); FAILURE TO HIRE<br><br>PLAINTIFFS DEMAND TRIAL BY JURY |

# C O M P L A I N T

**TO THE HONORABLE COURT:**

**COME NOW**, Plaintiffs William Rios ("Rios"), his wife Lynne M. Sheridan ("Sheridan") and the legal conjugal partnership composed between them, in the case at bar, through their undersigned attorneys and respectfully **STATE**, **ALLEGE** and **PRAY**:

## I. NATURE OF THE ACTION AND JURISDICTION

1. Plaintiffs Rios and Sheridan hereby invoke this Honorable Court's federal question subject matter jurisdiction under 28 U.S.C. § 1331 for this action seeking compensatory damages, equitable and injunctive relief, costs and attorney's fees brought pursuant to the American with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.* as a result of defendants' continuous willful, unlawful employment practice (failure to hire).

2. Plaintiffs additionally summon this Honorable Court's pendent/supplemental jurisdiction under 28 U.S.C. § 1367 seeking redress for violations of various Commonwealth of Puerto Rico laws, including but not limited to, Act No. 44 of July 2, 1985, 1 L.P.R.A. §501 *et seq.*;

Puerto Rico's Constitution, Article II**,** Sections 1, 8, 16, 20 and Article 1536 of Puerto Rico's Civil Code (2020).

3. Plaintiffs invoke this Honorable Court's supplemental/pendent jurisdiction under 28 U.S.C. § 1367 to hear and decide those claims arising under the Commonwealth of Puerto Rico's Constitution and other Puerto Rico laws invoked herein because such claims arose from the same nucleus of operative facts giving rise to Plaintiffs' claims under federal law.

4. On or about November 19, 2020, Rios timely filed with the Equal Employment Opportunity Commission ("EEOC") an administrative charge claiming, among other things that he was unlawfully discriminated due to his physical disabilities by the above mentioned defendants, during a job interview process with such defendants.

5. The previously stated administrative employment discrimination charge was assigned number 515-2021-00055.

6. On August 13, 2021, the EEOC issued and mailed a Right-To-Sue Notice in the above referenced EEOC Charge No. 515-2021-0055.  On or about August 17, 2021, Rios received the before stated Right-To-Sue Notice issued by the EEOC.

7. Plaintiffs Rios and Sheridan seek redress for the damages suffered and those damages they continue to suffer as a result of the above stated Defendants' unlawful employment discrimination on the basis of Plaintiff Rios' disabilities, and violation of his constitutional rights.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2).

## II.   THE PARTIES

9.     Plaintiff Rios is a male citizen of the United States of America and is a resident of Añasco, Puerto Rico.  Rios is married to his wife Sheridan.

10.    Plaintiff Sheridan is a female citizen of the United States of America and is a resident of Añasco, Puerto Rico.  Sheridan is married to her husband Rios.

11.    At all times relevant hereto, Plaintiff Rios was a "qualified individual with a disability" within the meaning of such term as provided by the ADA and Commonwealth of Puerto Rico laws that have been invoked herein. Rios could have performed the functions to the job position he had applied to and was interviewed for with the named party defendants in this case.

12.    At all times relevant hereto, Plaintiff Rios suffered the following physical disabilities: Hypertension; Obstructive Sleep Apnea; Diabetes; Obesity; and Diabetic Neuropathy.

13.    Rios is a qualified individual with a disability because he suffers from hypertension. EEOC regulations and case law recognize that hypertension, if severe enough, could have qualified as a disability under the original ADA law. 29 C.F.R. § 1630.2(j)(2); *id.* § 1630.2(h)(1) (defining "physical impairment" as a "physiological disorder" affecting, among other vital bodily functions, the "cardiovascular" system).

14.    Rios is also a qualified individual with a disability because he suffers from obstructive sleep apnea.[1]  Sleep apnea qualifies as a disability under the ADA.  *Silk v. City of Chicago,* 194 F.3d 788, 798-99 (7th Cir. 1999) (sleep apnea affected the major life activities of breathing and sleeping and was sufficiently severe to qualify as a disability under the ADA); *Pack v. Kmart Corp.,* 166 F.3d 1300, 1305 (10th Cir.1999) ("We hold that sleep is a major life activity...

---

[1] https://www.nhlbi.nih.gov/health-topics/sleep-apnea.

Complaint
Rios *et al.* v. Fuller Group *et al.*
Page 4 of 14

Sleeping is a basic activity that the average person in the general population can perform with little or no difficulty, similar to the major life activities of walking, seeing, hearing, speaking, breathing, learning, working, sitting, standing, lifting, and reaching."); *Knorr v. Pepsico Food Services, Inc.,* No. 97-CV-1819 (NPM), 1999 WL 200685, (N.D.N.Y.1999) (sleeping is a major life activity); *Feldman v. Olin Corp.,* 692 F.2d 748, 754 (7th Cir.2012) (Plaintiff produced significant evidence of severe sleep problems resulting from sleep apnea and fibromyalgia, including medical evidence from his treating physicians and the results of a sleep study to be considered disabled under the ADA).

15. Rios is also a qualified individual with a disability because he suffers from diabetes, a serious condition that causes higher than normal blood sugar levels. Diabetes occurs when your body cannot make or effectively use its own insulin, a hormone made in the pancreas. Type 1 diabetes, previously known as juvenile diabetes, is the most severe form of the disease. People who have type 1 diabetes, are insulin dependent. The most common form of diabetes is Type 2 diabetes, or non-insulin dependent diabetes.[2]

16. "Diabetes - as a disorder reflective of a defective pancreas and endocrine system—is capable of qualifying as a disability under the ADA." *Ridley v. Northwest Louisiana Technical College*, No. 20-1517, (W.D. La. 2021). *Rohr v. Salt River Project Agric. Improvements and Power Dist.,* 555 F.3d 850, 858 (9th Cir.2009) ("Diabetes is a 'physical impairment' because it affects the digestive, hemic and endocrine systems...."). It is beyond dispute that eating qualifies as a "major life activity." *Gillen v. Fallon Ambulance Serv., Inc.,* 283 F.3d 11, 21 (1st Cir.2002).

---

[2] https://www.diabetesresearch.org/what-is-diabetes

Complaint
Rios *et al.* v. Fuller Group *et al.*
Page 5 of 14

17. Rios is also a qualified individual with a disability as he suffers from obesity. Obesity "is a serious health condition classified by excess body fat that can greatly affect your health. It is linked to a long list of chronic conditions such as type 2 diabetes, heart disease, high blood pressure, sleep apnea, osteoporosis, and stroke."[3]

18. Last, but not least, Rios is also considered a qualified individual with a disability because he suffers from neuropathy. Peripheral neuropathy refers to many conditions that involve damage to the peripheral nervous system, the vast communication network that sends signals between the central nervous system (the brain and spinal cord) and all other parts of the body…. Diabetes is the leading cause of polyneuropathy in the United States. "Diabetic Neuropathy is a type of nerve damage that can occur if you have diabetes. High blood sugar can injure nerve fibers throughout your body, but diabetic neuropathy most often damages nerves in your legs and feet." *McDaniel v. Warden Michael Meisner*, Case No. 14-cv-53-pp, n.2 (USDC E.D. Wis. 2016).

19. At all relevant times to this Complaint, Rios was an "employee" within the definition of such term as provided by ADA and the laws of the Commonwealth of Puerto Rico which have been invoked herein.

20. Rios' disabilities affect his major life activities of working, walking, standing, concentrating, thinking, breathing, sleeping, and urinating, among others.

21. Due to Rios' severe Obstructive Sleep Apnea, he uses a BPAP machine during nighttime as part of his respiratory conditions.

---

[3] https://www.pennmedicine.org/updates/blogs/metabolic-and-bariatric-surgery-blog/2019/april/what-does-bariatric-mean.

Complaint
Rios *et al.* v. Fuller Group *et al.*
Page 6 of 14

22. The named party Defendants were aware of Rios' disabilities and health conditions as he personally informed them to his job interviewer during his employment interview held on or about September 8, 2020. Such job interviewer was an employee and agent of Defendants.

23. All named party defendants herein have received actual knowledge of Plaintiff Rios' administrative charge (Charge No. 515-2021-00055) claiming unlawful disability discrimination that was filed by Rios before the EEOC.

24. Defendant Fuller Group, Inc. is a corporation organized under the laws of Puerto Rico and has its principal place of business at 103 Avenida Conquistadores, Cataño, Puerto Rico 00962.

25. Defendant The Fuller Brush Company of Puerto Rico, Inc. is a corporation organized under the laws of Puerto Rico and has its principal place of business at 103 Avenida Conquistadores, Cataño, Puerto Rico 00962.

26. Defendant Antilles Cleaning Services, Inc., is a corporation organized under the laws of Puerto Rico and has its principal place of business at 103 Avenida Conquistadores, Cataño, Puerto Rico 00962.

27. Defendants Fuller Group, Inc., The Fuller Brush Company of Puerto Rico, Inc. and Antilles Cleaning Services, Inc., share the same principal place of business at 103 Avenida Conquistadores, Cataño, Puerto Rico 00962.

28. Defendants Fuller Group, Inc., The Fuller Brush Company of Puerto Rico, Inc. and Antilles Cleaning Services, Inc., share the same postal address: PO Box 362617, San Juan, PR, 00936-2617.

29. Defendants Fuller Group, Inc., The Fuller Brush Company of Puerto Rico, Inc. and Antilles Cleaning Services, Inc., share the same corporate officers Jorge Lopez Guedes (President) and Pedro L. Benitez Guedes (Vice President).

30. Defendants Fuller Group, Inc., The Fuller Brush Company of Puerto Rico, Inc. and Antilles Cleaning Services, Inc., share the same resident agent, Juan A. Net, with the same street and postal address of Carr. 833 Los Filtros, Cond. Alta Vista 1 PH-A, Guaynabo, Puerto Rico 00936.

31. Defendants Fuller Group, Inc.'s, The Fuller Brush Company of Puerto Rico, Inc.'s and Antilles Cleaning Services, Inc.'s, operations are substantially related and intertwined with each other; they share among themselves common management; have centralized control of their labor relations or personnel matters; their employees have been interchanged amongst all named party defendants, and they all share common ownership.

32. At all times relevant hereto, Defendants Fuller Group, Inc., The Fuller Brush Company of Puerto Rico, Inc. and Antilles Cleaning Services, Inc. are considered a single employer under the ADA and under Puerto Rico's Act 44.

33. Defendants Fuller Group, Inc., The Fuller Brush Company of Puerto Rico, Inc. and Antilles Cleaning Services, Inc. comprise an identity of interest among themselves and service or notification of Rios' EEOC discrimination charge upon one of such defendants constitutes services upon all of them.

34. Defendants Fuller Group, Inc., The Fuller Brush Company of Puerto Rico, Inc. and Antilles Cleaning Services, Inc. are considered "employers" within the definition of such term as

Complaint
Rios *et al.* v. Fuller Group *et al.*
Page 8 of 14

provided by the ADA, and the laws of the Commonwealth of Puerto Rico that have been invoked herein.

35. At all times relevant hereto, Defendants Fuller Group, Inc., The Fuller Brush Company of Puerto Rico, Inc. and Antilles Cleaning Services, Inc. have employed twenty (20) or more employees.

36. Defendants Fuller Group, Inc., The Fuller Brush Company of Puerto Rico, Inc. and Antilles Cleaning Services, Inc. are engaged in an industry affecting commerce within the meaning of such term as provided by the ADA, 42 U.S.C. §12111(7).

37. Defendants Fuller Group, Inc., The Fuller Brush Company of Puerto Rico, Inc. and Antilles Cleaning Services, Inc. are considered "persons" within the meaning of such term as provided by the ADA, 42 U.S.C. §12111(7).

38. Defendants ABC Insurance Companies are the insurers of all the named party defendants herein. Defendants ABC Insurance Companies have insurance policies which at all times relevant hereto, were in full effect and cover the liabilities and/or unlawful acts which were committed by the defendants herein mentioned.

39. Plaintiffs are using the fictitious names of ABC because at this time they do not know the real names of such insurance companies.  Once these names become known, Plaintiffs will move this Honorable Court for the substitution of such party defendants.

40. Defendants DEF are the fictitious names of other individuals or employers that jointly participated along with Defendants in other unlawful acts against Plaintiff Rios. Plaintiffs are using the fictitious names of DEF because at this time they do not know the real names of

these defendants. Once these names are known, Plaintiffs will move this Honorable Court for the substitution of said party defendants.

41. Defendants Fuller Group, Inc., The Fuller Brush Company of Puerto Rico, Inc. and Antilles Cleaning Services, Inc. and its agents have received actual knowledge of Rios' administrative charge filed before the EEOC.

42. All named party defendants herein are jointly and severally liable to Plaintiffs for the unlawful employment practices and damages claimed herein.

### III.    FACTUAL NARRATIVE COMMON TO ALL CLAIMS

43. Rios' last date of employment with Genesis Security Services, Inc. as a Security Guard assigned to Lufthansa Technic Puerto Rico, Inc.'s facilities located in Aguadilla, Puerto Rico was October 9, 2020.

44. Prior to October 9, 2020, Rios applied for employment with Defendants Fuller Group, Inc., The Fuller Brush Company of Puerto Rico, Inc. and Antilles Cleaning Services, Inc. while he was a Genesis Security Services' employee assigned to work as a Security Guard at Lufthansa Technic Puerto Rico, Inc.

45. Rios applied for work with Defendants Fuller Group, Inc., The Fuller Brush Company of Puerto Rico, Inc. and Antilles Cleaning Services, Inc. because he was informed that Lufthansa Technic Puerto Rico, Inc. would be terminating its contract with Genesis Security Services, Inc. and would be contracting the services of Defendants herein to perform the work Genesis Security Services, Inc. provided to Lufthansa Technic Puerto Rico, Inc.

46. Rios' resume was requested by Lufthansa Technic Puerto Rico, Inc. so Rios' resume could be in turn, referred to Defendants Fuller Group, Inc., The Fuller Brush Company

of Puerto Rico, Inc. and Antilles Cleaning Services, Inc. along with the resumes of other Genesis Security Services, Inc. Security Guards assigned to work at Lufthansa his job application process.

47. On or about September 9, 2020, Rios interviewed for the position of Security Guard with Defendants Fuller Group, Inc., The Fuller Brush Company of Puerto Rico, Inc. and Antilles Cleaning Services, Inc.  On or about September 9, 2020, such defendants interviewed about eleven (11) Genesis Security Service Inc.'s Security Guards assigned to work at Lufthansa Technic Puerto Rico, Inc.

48. During the stated job interview with Defendants Fuller Group, Inc., The Fuller Brush Company of Puerto Rico, Inc. and Antilles Cleaning Services, Inc., Rios was discriminated against due to his disabilities because such defendants inquired as to whether he had any physical disabilities. When asked by the job interviewer, Rios informed such defendants that he had several health conditions, including sleep apnea and diabetes.

49. Rios was discriminated against due to his disabilities because Defendants Fuller Group, Inc., The Fuller Brush Company of Puerto Rico, Inc. and Antilles Cleaning Services, Inc. refused to hire him when he applied for employment with such employers while approximately nine (9) other former Genesis Security Service's Security Guards and one Security Guard Supervisor, who were not disabled, were hired by defendants herein after Genesis Security Service Inc.'s service contract was terminated by Lufthansa.

50. Plaintiff Sheridan has suffered moral, emotional and damages due Defendants Fuller Group, Inc.'s, The Fuller Brush Company of Puerto Rico, Inc.'s and Antilles Cleaning Services, Inc.'s discriminatory employment practices against her husband, Rios.  Such actions

lead to Rios unlawful refusal to hire Rios as an employee, which caused emotional damages to Plaintiff Sheridan.

## IV.   FIRST CAUSE OF ACTION
### (ADA: Disability Discrimination)

51. Plaintiffs re-allege each and every preceding allegation as if fully set forth herein and incorporate them herein by reference hereto.

52. Defendants Fuller Group, Inc., The Fuller Brush Company of Puerto Rico, Inc. and Antilles Cleaning Services, Inc. have willfully violated ADA's provisions by engaging in discriminatory employment practices against Rios on account of his disabilities by refusing to employ him on account of his disabilities.

53. Defendants Fuller Group, Inc., The Fuller Brush Company of Puerto Rico, Inc. and Antilles Cleaning Services, Inc. have willfully violated the ADA. The ADA prohibits employers from asking questions that are likely to reveal the existence of a disability before making a job offer. This prohibition covers written questionnaires and inquiries made during interviews, as well as medical examinations.

54. Defendants Fuller Group, Inc., The Fuller Brush Company of Puerto Rico, Inc. and Antilles Cleaning Services, Inc. have willfully violated the ADA. The ADA, in § 12112(d)(2)(A), provides that "a covered entity shall not conduct a medical examination or make inquiries of a job applicant as to whether such applicant is an individual with a disability or as to the nature or severity of such disability."

55. Plaintiff Rios requests that he be employed as a Security Guard with Defendants herein and be granted back pay from that date he would have been hired by defendants but for his disabilities.

Complaint
Rios *et al.* v. Fuller Group *et al.*
Page 12 of 14

## V. SECOND CAUSE OF ACTION
**(Violation to Article II of Puerto Rico's Constitution)**

56. Plaintiffs re-allege each and every preceding allegation as if fully set forth herein and incorporate them herein by reference hereto.

57. Defendants Fuller Group, Inc., The Fuller Brush Company of Puerto Rico, Inc. and Antilles Cleaning Services, Inc. have violated Plaintiff Rios's rights secured under Article II, Sections 1, 8, 16 of Puerto Rico's Constitution by violating his dignity, privacy, health at the work place and discriminating against him on the basis of his disability and social conditions.

58. Plaintiffs are entitled to compensatory damages. Plaintiffs have suffered considerable economic and personal damages as a result of Defendants' conduct

## VI. THIRD CAUSE OF ACTION
**(Violation to Puerto Rico Act 44, Unlawful Disability Discrimination)**

59. Plaintiffs re-allege each and every preceding allegation as if fully set forth herein and incorporates them herein by reference hereto.

60. Defendants Fuller Group, Inc., The Fuller Brush Company of Puerto Rico, Inc. and Antilles Cleaning Services, Inc. have violated Plaintiff Rios's rights secured under Puerto Rico Act No. 44. Such Defendants have discriminated against Plaintiff Rios on account of his disability.

61. Plaintiffs are entitled to compensatory and economic damages. Plaintiffs have suffered considerable economic and emotional damages as a result of Defendants Fuller Group, Inc., The Fuller Brush Company of Puerto Rico, Inc. and Antilles Cleaning Services, Inc. employment discrimination. Plaintiff Rios is entitled to back pay for all lost salaries on account

of their unlawful discrimination. Plaintiff Rios hereby also demands that he be employed by Defendants.

### VII. FOURTHCAUSE OF ACTION
(Violation to Puerto Rico's Civil Code, Art. 1536)

62. Plaintiffs re-allege each and every preceding allegation as if fully set forth herein and incorporate them herein by reference hereto.

63. Defendants Fuller Group, Inc., The Fuller Brush Company of Puerto Rico, Inc. and Antilles Cleaning Services, Inc. have willfully violated Plaintiff Sheridan's rights under Puerto Rico's Civil Code (2020 ed.), Article 1536.

64. Plaintiff Sheridan is entitled to compensatory, emotional and economic damages as she has suffered by defendants herein.

**WHEREFORE**, all premises being considered, Plaintiffs pray that this Honorable Court enter Judgment against Defendants Centerra and grant Plaintiffs the following relief:

(a) An award of compensatory damages, including but not limited to back pay and prejudgment interests, of not less than TWO HUNDERED AND FIFTY THOUSAND DOLLARS ($250,000.00);

(b) An award of double compensatory damages under Puerto Rico Acts Nos. 115 and 44.

(c) An award of costs and reasonable attorney's fees;

(d) Injunctive relief ordering Defendants herein to afford employment to Rios;

(e) An award of punitive damages under the applicable federal statute invoked herein;

(f) Any other and further relief, which this Honorable Court may deem just, and proper; and

Complaint
Rios v. Centerra, *et al.*
Page 14 of 14

  (g) A trial by jury.

  **RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 9th day of November, 2021.

  **I HEREBY CERTIFY** that on this same date, November 9, 2021, we electronically filed the foregoing certificate of service with the Clerk of this Honorable Court using the CM/ECF system which will send notification to all counsel in this case.

**/s/ MANUEL E. LOPEZ FERNANDEZ**
**USDC PR NO. 205507**
**Attorney for Plaintiffs**
B-12 Paseo del Prado
San Juan, PR 00926
Tel.: (787) 562-2040
email: lcdomanuel.lopez@gmail.com;
manrique.lopez@hotmail.com

**/s/ JOSE G. FAGOT DIAZ**
**USDC PR NO. 20412**
**Attorney for Plaintiffs**
166 Presidente Ramirez St., Apt. No. 2
Urb. Baldrich
Hato Rey, PR 00918
(787) 367-8702
Email:jgf@fagot-law.com